UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KEITH WILLIAM JETER,

        Plaintiff,

   v.                                  Case No. 25-cv-0197-bhl

BERRADA PROPERTIES MANAGEMENT INC,

        Defendant.

_____

### SCREENING ORDER
_____

On February 10, 2025, Plaintiff Keith William Jeter, who is currently serving a state prison sentence at Milwaukee County Jail and representing himself, filed a complaint against Defendant Berrada Properties Management Inc. and a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) The case is now before the Court for consideration of Jeter's IFP motion and the screening of the complaint under 28 U.S.C. §1915A.

### IFP MOTION

A prisoner plaintiff proceeding IFP is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Jeter has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed an initial partial filing fee of $68.20. Jeter's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the

Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Jeter was previously a tenant at a property owned by Berrada Properties. (ECF No. 1 at 2.) He alleges that, on September 5, 2024, a Berrada Properties employee allowed police officers to enter his apartment pursuant to a warrant for his arrest. (*Id.*) When police entered, Jeter was asleep. (*Id.*) Startled awake by the noise of entry, Jeter began shooting a gun, resulting in a shoot-out. (*Id.*) Jeter contends that by allowing the police into his apartment, Berrada Properties violated his Fourth Amendment rights. (*Id.*) He also maintains that Berrada Properties breached the "Tenants Rights Agreement" between the two parties. (*Id.*)

# ANALYSIS

Jeter asserts claims that Berrada Properties violated his Fourth Amendment rights and that it breached a Tenants Right Agreement. Both claims fail but for different reasons.

Under 42 U.S.C. §1983, Jeter can pursue a claim for the violation of his Fourth Amendment rights. To state a claim under Section 1983, he must allege that he was deprived of a right secured by the Constitution or the laws of United States and that the deprivation was caused by a person acting under the color of state law. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). People act under color of state law when they possess power "by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). Jeter's attempt to assert a federal constitutional violation fails because Berrada Properties is a private leasing company, not a state actor. *See Pittman v. Viamonte Invs. Grp., LLC*, 855 F. App'x 292, 295–96 (7th Cir. 2021). Accordingly, Jeter cannot hold Berrada Properties liable for any alleged constitutional violation.

Jeter also alleges that Berrada Properties is liable for breaching the "Tenants Rights Agreement." Unlike a Fourth Amendment violation, this claim (to the extent viable) arises under state contract law. The Court's ability to adjudicate state law claims is limited in a different way. The Court can only adjudicate claims arising under state law if the parties are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. §1332. According to Jeter's complaint, both he and Berrada Properties are citizens of Wisconsin. (ECF No. 1 at 1.) Accordingly, the Court lacks jurisdiction over Jeter's state law breach of contract claim, and it too must be dismissed.

As a general matter, the Court usually offers litigants the chance to amend a defective complaint to try to cure the defects identified by the Court. Here, however, allowing Jeter the opportunity to amend would be pointless. No amendment can change Berrada Properties' status as a private actor or confer diversity jurisdiction over Jeter's contract claim. Accordingly, granting Jeter the opportunity to amend the complaint would be futile. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore dismiss Jeter's claims and terminate the lawsuit.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that this case is **DISMISSED**. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Jeter's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Jeter must pay the $350 statutory filing fee. Accordingly, the agency having custody of Jeter shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Jeter's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jeter is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jeter's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

Dated at Milwaukee, Wisconsin on June 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge